IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MERLIN SCOTT PHILLIPS, et al.,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al.,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS TO DISMISS<br><br><br>Case No. 2:21-cv-00355-TS-DBP<br><br>District Judge Ted Stewart<br>Magistrate Judge Dustin B. Pead |

This matter is before the Court on Defendants' Motions to Dismiss the Second Amended Complaint and Plaintiffs' Motion for Judicial Notice. The Court will grant Defendants' Motions and deny Plaintiffs' Motion for the reasons discussed below.

I.　　　　BACKGROUND[1]

Plaintiffs Merlin Scott Phillips and Vickie Phillips own Plaintiff S&V Phillips Development, LLC, which owns two adjacent parcels of real property located in Payson, Utah (the "property").[2] In June 2019, Plaintiffs retained a private wetland expert, Kagel Environmental, LLC ("KE"), to study and prepare a report regarding wetland delineation on the property in preparation for development.[3] KE concluded that there were 0.03 acres of "possibly regulated areas" under the Clean Water Act (the "CWA"), but that they were likely "isolated"

---

[1] The following facts are taken from Plaintiffs' Second Amended Complaint and presumed true for purposes of this motion.

[2] Docket No. 68 ¶¶ 16–17.

[3] *Id.* ¶ 34.

with "no continuous surface hydrologic connections" between the property and waters of the United States ("WOTUS").[4] To confirm this report, Plaintiffs requested an approved jurisdictional determination ("AJD") for the properties at issue from the Corps.[5] KE and Plaintiffs provided the Corps with the finalized report including maps depicting the property and aquatic resources within the area.[6]

In September 2019, Defendant Matthew Wilson, a Corps engineer for the Sacramento District, conducted an onsite inspection of the property.[7] Defendants Wilson and the Corps Sacramento District subsequently issued a letter stating they were unable to complete review of the AJD request because of incomplete information due to "potential unauthorized activities" on the property.[8] At the same time, the Corps issued a letter notifying Plaintiffs that they had opened an investigation into potential unauthorized fill activities under § 404 of the CWA.[9]

In April 2020, after discussions with Defendants, KE and Plaintiffs submitted an addendum report.[10] KE and Plaintiffs asserted that these materials scientifically refuted the evidence supporting the Corps' investigation.[11] In July 2020, the Corps issued an AJD which found the site contained 2.3 acres of impacted palustrine emergent wetland considered WOTUS based on their adjacency to Beer Creek, a relatively permanent tributary, and Utah Lake, a

---

[4] *Id.* ¶ 35.
[5] *Id.* ¶ 36.
[6] *Id.* ¶ 38.
[7] *Id.* ¶¶ 42–43.
[8] *Id.* ¶¶ 44–45; Docket No. 8-2 at 16–17.
[9] Docket No. 68 ¶¶ 46–47; Docket No. 8-2 at 19–20.
[10] Docket No. 68 ¶¶ 49–67.
[11] *Id.* at ¶ 68.

traditional navigable water.[12] The AJD included a finding that the waters were impacted by unauthorized fill activities between July 2017 and September 2018.[13]

In October 2020, Plaintiffs filed a request for reconsideration, which included a new soil expert report and assessment from KE concluding that there were only 0.08 acres of wetlands on the property, and the wetlands were isolated from WOTUS.[14] On February 12, 2021, the Corps issued a no-change final AJD.[15] Again, the AJD included a determination that WOTUS were present on the property, which were impacted by unauthorized fill activities.[16]

To appeal the final AJD, the Corps required Plaintiffs to submit an after-the-fact permit application for the unauthorized activities and sign a statute of limitations tolling agreement, as contemplated by the Corps' regulations.[17] Plaintiffs chose not to appeal and filed this suit instead, bringing constitutional, Administrative Procedure Act ("APA"), separation of powers, federalism, and *Bivens* claims. Now before the Court are Defendants' Motions to Dismiss.[18]

---

[12] *Id.* ¶¶ 71–74; Docket No. 8-3 at 21–22.

[13] Docket No. 68 ¶ 74.

[14] *Id.* ¶¶ 76–77, 79.

[15] *Id.* ¶ 91.

[16] *Id.* ¶¶ 96–97; Docket No. 8-3 at 2–3.

[17] Docket No. 68 ¶ 103; 33 C.F.R. § 331.11 ("[a]n appeal of an approved JD associated with unauthorized activities will normally not be accepted unless the Corps accepts an after-the-fact permit application," "[a]ny person who appeals an approved JD associated with an unauthorized activity . . . thereby agrees that the statute of limitations is tolled until one year after the final Corps decision").

[18] Docket Nos. 72, 73.

## II.     LEGAL STANDARD

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). However, Plaintiffs have withdrawn Count IV, which is the only claim subject to Defendants' arguments under 12(b)(1). Therefore, the Court need only review the Complaint under Rule 12(b)(6).

When evaluating a complaint under Rule 12(b)(6), the court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[19] The plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[20] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[21] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[22]

In considering a motion to dismiss, a district court considers the complaint, any attached exhibits,[23] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[24] The Court may also consider other documents "referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[25]

---

[19] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[22] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[23] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[24] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[25] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

III. DISCUSSION

A. CONSTITUTIONAL CLAIMS

Plaintiffs assert that Defendants' actions were contrary to their constitutional rights; namely their Fifth Amendment right to substantive and procedural due process. They also assert that Defendants committed a temporary regulatory taking. The Court will dismiss these claims for the reasons discussed below.

1. *Substantive Due Process*

Plaintiffs assert the Corps violated two protectable property interests: (1) an interest in securing a reasoned AJD from the Corps consistent with the agency's standard operating procedures for developing AJDs; and (2) an interest in the right to develop their property or the "right to be/remain secure in their choice to earn a living by developing their land without undue governmental interference."[26]

Under the Due Process Clause of the Fifth Amendment, "No person shall . . . be deprived of life, liberty, or property, without due process of law."[27] Substantive due process "prevents the government from engaging in conduct that shocks the conscience, or interferes with rights implicit in the concept of ordered liberty."[28] To assert a protectible property interest, "'a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it. He must, instead have a legitimate claim of entitlement to it.'"[29] "An entitlement to nothing

---

[26] Docket No. 68 ¶ 189–90.

[27] U.S. Const. amend. V.

[28] *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotation marks and citations omitted).

[29] *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)).

5

but procedure cannot be the basis for a liberty or property interest."[30] A property interest in a particular agency determination may exist if decision-making discretion is limited by the procedures in question, that is, whether the procedures, if followed, require a particular outcome.[31]

Plaintiffs' asserted interest in securing a reasoned AJD from the Corps does not support a substantive due process violation. "Although detailed and extensive procedural requirements may be relevant as to whether a separate substantive property interest exists, the procedures cannot themselves constitute the property interest."[32] Plaintiffs asserted interest in the Corps alleged failure to follow procedures therefore does not assert a cognizable property right. To the extent that Plaintiffs are arguing that the determination reached by the Corps is unreasonable, this issue will be addressed by the Court under Plaintiffs' challenge under the APA, not as a substantive due process violation. While "[a]n arbitrary deprivation of a property right may violate the substantive component of the due process clause if the arbitrariness is extreme,"[33] the facts alleged by the Plaintiffs do not support that the determination by the Corps reached "a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking,"[34] as required to state a claim for a substantive due process violation.

---

[30] *Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1192 (10th Cir. 2008) (quoting *Teigen v. Renfrow*, 511 F.3d 1072, 1081 (10th Cir. 2007) (internal brackets removed)).

[31] *See Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000) ("[A] right to a particular decision reached by applying rules to facts constitutes property.") (internal quotation marks and citations omitted); *Schulz v. City of Longmont, Colo.*, 465 F.3d 433, 444 (10th Cir. 2006) ("A benefit is not a protected entitlement if government officials may grant or deny it in their discretion.") (quoting *Town of Castle Rock,* 545 U.S. at 756).

[32] *Teigen*, 511 F.3d at 1081 (internal citation omitted).

[33] *Klen v. City of Loveland, Colo.*, 661 F.3d 498, 512–13 (10th Cir. 2011).

[34] *Id.* at 513.

Second, Plaintiffs have not provided any authority to support an established right to either a determination that their property does not have WOTUS or to develop their property in violation of the CWA.[35] Protectible rights are "those personal activities and decisions that this Court had identified as so deeply rooted in our history and traditions, or so fundamental to our concept of constitutionally ordered liberty."[36] Additionally, Plaintiffs assert the AJD and unauthorized activity finding impacts their right to sell the property in the future, however, this claim relies on future speculative events. As such, Plaintiffs fail to assert a protectible interest and the Court will dismiss the claim with prejudice.

2. *Procedural Due Process*

The Supreme Court has provided a two-step inquiry to evaluate alleged procedural due process violations: "(1) whether the plaintiff has shown the deprivation of an interest in 'life, liberty, or property' and (2) whether the procedures followed by the government in depriving the plaintiff of that interest comported with 'due process of law.'"[37]

As discussed above, Plaintiffs have not asserted deprivation of a protectable property interest and, therefore, this claim fails.

---

[35] *See Ace Black Ranches, LLP v. U.S. Env't Prot. Agency*, ---F. Supp. 3d---, No. 1:21-cv-00214-BLW, 2022 WL 344444 at *11, (D. Idaho Feb. 4, 2022) (finding that plaintiff's allegation "that it has a protected property interest in remaining secure in its choice to earn a living by operating its 800-acre ranch pursuant to Idaho state appropriated water rights without undue government interference" is not supported by any cited legal authority and that "to the extent [the plaintiff] is alleging that it has a protected property interest in continuing operations that violate the CWA or other federal law or regulation, such a claim is entirely without merit and cannot support a Fifth Amendment substantive due process claim").

[36] *Washington v. Glucksberg*, 521 U.S. 702, 727 (1997).

[37] *Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012) (quoting *Ingraham v. Wright*, 430 U.S. 651, 673 (1977)).

Even if the Court found that Plaintiffs asserted a protectible property interest, the claim would fail because Plaintiffs were not deprived of due process. The "right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society."[38] Due process entitles an individual to be heard "at a meaningful time and in a meaningful manner."[39] However, "[d]ue process is flexible and calls for such procedural protections as the particular situation demands."[40]

Plaintiffs allege that the Corps failed to provide pre- or post-deprivation hearing opportunities for Plaintiffs to contest the unauthorized activity finding.[41] However, Plaintiffs' allegations show that the Corps provided Plaintiffs with sufficient notice and a hearing before and after the AJD and the unauthorized activity finding. First, the Corps issued a letter notifying Plaintiffs of a potential unauthorized activity investigation on October 17, 2019.[42] The letter requested further information from Plaintiffs pertaining to the investigation.[43] After the Corps issued the AJD in July 2020,[44] Plaintiffs completed a request for reconsideration for the Corps Sacramento District Office to evaluate the AJD and unauthorized activity finding. This reconsideration gave Plaintiffs the opportunity to provide the Corps with additional information

---

[38] *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 168 (1951) (Frankfurter, J., concurring).

[39] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal citations omitted).

[40] *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

[41] Docket No. 68 ¶¶ 239–41.

[42] Docket No. 8-2 at 19–20.

[43] *Id.*

[44] Docket No. 8-3 at 21–22.

and present evidence supplementing KE's findings.[45] Then, after the Corps issued a no change AJD, Plaintiffs were given the option to request an appeal, but Plaintiffs declined to do so and filed this suit. This demonstrates that at each juncture, Plaintiffs were given a meaningful opportunity to contest the findings by submitting additional information to the Corps.

During oral argument, Plaintiffs argued that they were not provided an adequate and meaningful pre-deprivation hearing before a neutral arbiter. Certainly, a fair trial before a fair tribunal "is a basic requirement of due process,"[46] however Plaintiffs have not presented any evidence or stated any well-pleaded allegations that the Corps employees were biased.[47] Therefore, even if the Court found that Plaintiffs asserted a protectible property interest, their procedural due process claim fails as they were afforded adequate procedural due process.

3. Takings Clause

Plaintiffs have voluntarily withdrawn their takings claim, except for paragraphs 274 and 278.[48] The remaining paragraphs alone fail to provide sufficient facts to state a takings claim. Therefore, the Court will dismiss this claim without prejudice.

---

[45] Docket No. 86 at 1707–28; Plaintiffs provided 22 pages of objections and 197 pages of supporting expert exhibits to the Corps in their request for reconsideration. Docket No. 76 at 17.

[46] *See Withrow v. Larkin*, 421 U.S. 35, 46 (1975) (internal citations omitted).

[47] *Id.* at 47 ("The contention that the combination of investigative and adjudicative functions necessary creates an unconstitutional risk of bias in administrative adjudication has a much more difficult burden of persuasion to carry.").

[48] Docket No. 76 at 10 n.1.

B.  APA CLAIMS

Plaintiffs also challenge the AJD and the unauthorized activities determination under the APA as violations of the Corps' regulations and policy statements, violations of Plaintiffs' constitutional rights, and as arbitrary and capricious. Under the APA, a court may review and set aside an agency's final decision if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "contrary to constitutional right, power, privilege, or immunity," or "without observance of procedure required by law."[49]

Defendants challenge the claims that the Corps violated the APA by: (1) including an unauthorized activity finding within an AJD, (2) failing to provide formal notice of the unauthorized activity finding, and (3) applying unconstitutional preconditions to administrative appeal. Defendants concede that Plaintiffs can state claims under the APA challenging the Corps' decisions as arbitrary and capricious.[50] The Court will address the challenged claims in turn.

1.  *Unauthorized Activity Finding Within an AJD*

Plaintiffs claim that the Corps inclusion of an unauthorized activity finding in conjunction with an AJD is contrary to Corps' regulation in 33 C.F.R. § 331.2 that a jurisdictional determination may not include a determination that a particular activity requires a permit. Plaintiffs briefly refer to *Auer*[51] deference, which requires courts to defer to a federal

---

[49] 5 U.S.C. §§ 706(2)(A), (B), (D).

[50] Docket No. 72 at 9.

[51] *Auer v. Robbins*, 519 U.S. 452 (1997).

agency interpretation of its own regulations. However, "[a] court should not afford *Auer* deference unless the regulation is genuinely ambiguous."[52]

The Court agrees with Defendants that Corps' regulations make clear that permitting actions are separate from AJDs and unauthorized activity findings. 33 C.F.R. § 331.2 is not ambiguous because permits and unauthorized activities are governed by separate regulations, and the relevant regulations clearly differentiate an unauthorized activity finding from a permit application determination.[53] For example, 33 C.F.R. § 331.11 states that "[a]n appeal of an approved JD associated with unauthorized activities will normally not be accepted unless the Corps accepts an after-the-fact permit application."[54] Defendants did not violate the Corps' regulations in issuing a joint AJD and unauthorized activity determination. Therefore, the Court finds that the facts alleged fail to state a plausible claim and will dismiss the claim with prejudice.

---

[52] *Kisor v. Wilkie*, ---U.S.---, 139 S. Ct. 2400, 2415 (2019).

[53] *See* 33 C.F.R. §§ 322, 326. There are situations in which a permit will not be issued by the Corps after an unauthorized activity finding, such as when initial corrective measures restore WOTUS. *Id.* § 326.3(e)(1)(i).

[54] *See also id.* §§ 326.3(e)(1)(v) ("No appeal of an approved jurisdictional determination (JD) associated with an unauthorized activity or after-the-fact permit application will be accepted unless and until the applicant has furnished a signed statute of limitations tolling agreement to the district engineer.")

*2. Notice*

Plaintiffs allege that Defendants violated federal law[55] and the Corps' regulations by failing to provide formal notice of the unauthorized activity finding. Defendants argue that they are not required to do so.

33 C.F.R. § 326.3(c) states "[o]nce the district engineer has determined that a violation exists, he should take appropriate steps to notify the responsible parties." "If the violation involves a completed project, a cease and desist order should not be necessary. However, the district engineer should still notify the responsible parties of the violation."[56]

A plain reading of the regulation's notice requirement makes clear that notice is not mandatory. First, 33 C.F.R. § 326.1 states that an unauthorized activity finding does not establish non-discretionary duties or give rise to a private right of action against a district engineer. Additionally, the regulation uses the term "should" as opposed to "shall" when referring to the district engineers notice requirements. The Tenth Circuit has construed "should" as permissive and not as creating a mandatory directive.[57] Finally, the preamble to the 1986 final rule promulgating the regulation at issue also confirms this, stating that "should" allows district engineers to base their enforcement actions on the best approach on a case-by-case basis.[58]

---

[55] Plaintiffs cite to 33 U.S.C. § 1344(a) in support of this argument, which is the permit process requiring notice and public hearings for discharge of dredged or fill material. It is unclear how this relates to their claim here as this does not include a permit application.

[56] 33 C.F.R. § 326.3(c)(2). The notification "should identify relevant statutory authorities, indicate potential enforcement consequences, and direct the responsible parties to submit any additional information . . . [to] resolv[e] the violation." *Id.* § 326.3(c)(3).

[57] *Noreja v. Comm'r Soc. Sec. Admin.*, 952 F.3d 1172, 1181 (10th Cir. 2020).

[58] Final Rules for Regulatory Programs of the Corps of Engineers, 51 Fed. Reg. 41, 214 (Nov. 13, 1986).

Plaintiffs assert that this notice violation is reviewable discretionary action because their complaint raises "colorable constitutional claims."[59] As previously discussed, Plaintiffs have not demonstrated that they were denied a cognizable constitutional right, and even if the Court found they were denied a protected right, notice was sufficient to comply with due process. The Court therefore finds that Plaintiffs have failed to support this claim as a matter of law and will dismiss it with prejudice.

3. *Preconditions to Appeal*

Prior to administratively appealing an AJD with an unauthorized activity finding, the Corps required Plaintiffs to file an after-the-fact permit and sign a statute of limitations tolling agreement consistent with 33 C.F.R. § 331.11. Plaintiffs challenge these actions as an unconstitutional condition that denied them of their right to a "pre-deprivation hearing/procedural due process."[60]

The unconstitutional conditions doctrine "only applies if the government places a condition on the exercise of a constitutionally protected right."[61] "The . . . doctrine forbids the government from denying or terminating a benefit because the beneficiary has engaged in constitutionally protected activity."[62] Here, Plaintiffs fail to demonstrate that any constitutional right has been conditioned. The conditions for appeal do not impact Plaintiffs' "pre-deprivation hearing/procedural due process" rights as alleged because as previously discussed, Plaintiffs do

---

[59] Docket No. 76 at 12.

[60] *Id.*

[61] *Petrella v. Brownback*, 787 F.3d 1242, 1265 (10th Cir. 2015) (citing *Reedy v. Werholtz*, 660 F.3d 1270, 1277 (10th Cir. 2011)).

[62] *Id.* (citing *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013)).

not assert a cognizable constitutional right. And even if the Court found otherwise, Plaintiffs were afforded adequate due process prior to the opportunity for appeal before filing this suit. Therefore, Plaintiffs' claim challenging the preconditions to appeal fails to state a claim and the Court will dismiss it with prejudice.

## C. SEPARATION OF POWERS, FEDERALISM, AND ANTI-COMMANDEERING

Plaintiffs allege violations of the separation of powers, federalism, and anti-commandeering. At the outset, the Court notes that Plaintiffs have alleged multiple violations of law by the EPA in support of these claims but have not named the EPA as a party in any of their three complaints.[63] Therefore, any claims supported by allegations against the EPA do not support a claim for relief and the Court will not address arguments supported by alleged violations by the EPA.

### 1. *Separation of Powers*

Plaintiffs allege that granting deference to the Corps' interpretation of their constitutional claims is a violation of the separation of powers doctrine.[64] Speculation that the Court could violate separation of powers principles by improperly applying deference to an agencies' interpretation does not state a cognizable claim against Defendants.

Plaintiffs next argue that the Corps exceeded Congress's Commerce Clause authority and violated separation of powers principles in finding CWA jurisdiction on the property. The cases cited by the Plaintiffs in support of this argument involve issues related to statutory interpretation, not separation of powers principles. Plaintiffs therefore provide no legal basis to

---

[63] Docket No. 2; Docket No. 38; Docket No. 68.
[64] Docket No. 68 ¶¶ 284–89.

support their claim for violation of the separation of powers doctrine[65] and the Court will dismiss it with prejudice.

    *2. Federalism and Anti-Commandeering*

Plaintiffs assert that the Corps violated the anti-commandeering rule, the Tenth Amendment, federalism, and Utah's legal sovereignty through funding state water quality programs and applying federal standards to nonpoint source pollution.[66] They allege that the distribution of federal funding improperly coerced state agencies to remain silent regarding Plaintiffs' AJD and that the Corps' improperly applied federal standards to Plaintiffs' AJD.[67]

Commandeering requires a direct command from Congress to a state that compels it to enact or enforce a federal regulatory program.[68] The Supreme Court has reiterated that where Congress has authority under the Commerce Clause to regulate activity, it may "offer States the choice of regulating that activity according to federal standards or having state law pre-empted by federal regulation."[69] The CWA National Pollutant Discharge Elimination System ("NPDES") permit program embodies this, as it is voluntary and does not require states to do anything.[70] States may choose to administer their own permit program for nonpoint source discharge and submit a proposal to the EPA[71] or can volunteer to have the EPA administer the

---

[65] Plaintiffs cite to cases involving the Corps' and EPA's exercise of jurisdiction, however none of these cases discuss separation of powers violations. *See e.g.*, *Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Eng'rs*, 531 U.S. 159 (2001); *Sackett v. U.S. Env't Prot. Agency*, 8 F.4th 1075 (9th Cir. 2021); *Rapanos v. United States*, 547 U.S. 715 (2006).

[66] Docket No. 68 ¶¶ 315, 318.

[67] *Id.* ¶ 341.

[68] *New York v. United States*, 505 U.S. 144, 161, 175–76 (1992).

[69] *Id.* at 173–74.

[70] 33 U.S.C. § 1342.

[71] *Id.* § 1342(b).

15

NPDES program. The Corps "violates no principle of Constitutional or federal law by working together with a consenting state to effectuate federal environmental policy as the Tenth Amendment does not prohibit congress from obtaining a state's consent to federal jurisdiction."[72]

Here, Plaintiffs fail to assert facts showing that the Corps commandeered or coerced the state government. Therefore, the Court will dismiss Count V of the Second Amended Complaint with prejudice.

D. BIVENS

Plaintiffs assert *Bivens* claims against individual Defendants, Wilson, Gipson, and Jewell, alleging that they deprived Plaintiffs of their constitutional rights under the Fifth and Tenth Amendments. "[A] plaintiff seeking a damages remedy under the Constitution must first demonstrate that his constitutional rights have been violated."[73] Plaintiffs have failed to assert constitutional violations and, therefore, their *Bivens* claims will also be dismissed with prejudice.

E. PLAINTIFFS' MOTION FOR JUDICIAL NOTICE

Under Fed. R. Evid. 201, a court may judicially notice a fact not subject to reasonable dispute. In their motion, Plaintiffs are asking the Court to take judicial notice of a statement of law. The Court therefore denies the motion. Further, the Court finds that at this juncture, with the facts before it, *West Virginia v. EPA*[74] does not apply to this case.

---

[72] *Ace Black Ranches*, 2022 WL 344444, at *13 (internal quotation marks and citations omitted).

[73] *Davis v. Passman*, 442 U.S. 228, 248 (1979).

[74] 597 U.S. __, 142 S. Ct. 2587 (2022).

IV.     CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 72 and 73) are GRANTED and Plaintiff's Motion for Judicial Notice (Docket No. 87) is DENIED. Additionally, the parties are instructed to comply with the procedures set out in DUCivR 7-4.

DATED August 24, 2022.

BY THE COURT:

_____
TED STEWART
United States District Judge