IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MERLIN SCOTT PHILLIPS, et al.,<br><br>　　　　　Plaintiffs,<br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, et al.,<br>　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO STAY AND DENYING PLAINTIFFS' MOTIONS TO RECONSIDER AND FOR AMENDMENT AND CERTIFICATION OF THE COURT'S INTERLOCUTORY ORDERS<br><br>Case No. 2:21-cv-355-TS-DBP<br><br>District Judge Ted Stewart |

This matter comes before the Court on Defendants' Motion for Stay of Proceedings,[1] Plaintiffs' Motion to Reconsider and Vacate the Court's Order Denying Motion for Summary Judgment,[2] Plaintiffs' Motion for Amendment and Certification of the Court's Interlocutory Order of October 12, 2022 for Appeal Pursuant to 28 U.S.C. § 1292(b),[3] Plaintiffs' Motion for Amendment and Certification of the Court's Interlocutory Order of August 24, 2022 for Appeal Pursuant to 28 U.S.C. § 1292(b),[4] and Plaintiffs' Rule 54(b) Motion to Reconsider and Vacate

---

[1] Docket No. 95.

[2] Docket No. 101.

[3] Docket No. 102.

[4] Docket No. 103.

1

the Court's Order Dismissing Plaintiffs' Structural Constitution Violation Claims.[5] For the reasons stated below, the Court will grant Defendants' Motion and deny Plaintiffs' Motions.

## I. BACKGROUND

Plaintiffs, Merlin and Vickie Phillips and S&V Phillips Development, challenge the United States Army Corps of Engineers (the "Corps") findings of jurisdiction and fill activities on their Payson, Utah property. Plaintiffs originally brought suit against the Corps, Scott Spellmon, and James Handura in their official capacities, and Matthew Wilson, Jason Gipson, and Michael Jewell in their individual capacities. Plaintiffs alleged violations under the Administrative Procedure Act (the "APA"), violations of Plaintiffs' substantive and procedural due process rights, the Takings Clauses, Separation of Powers, Federalism, Anti-Commandeering, and the Tenth Amendment, and *Bivens* claims against the individual defendants. Defendants challenged the claims in motions to dismiss, which the Court granted on August 24, 2022.[6] Plaintiffs APA claim is the only remaining claim.

The remaining Defendants (the Corps, Spellmon, and Handura) filed a Motion to Stay the case until the Supreme Court issues a decision in *Sackett v. Environmental Protection Agency*.[7] Plaintiffs then filed a Motion for Summary Judgment, which the Court denied as procedurally improper under DUCivR 7-4(b)(3)(C) on October 12, 2022.[8] Plaintiffs subsequently filed two Motions for Judgment under Rule 54(b): the first asks the Court to reconsider the Order denying

---

[5] Docket No. 118.
[6] Docket No. 92.
[7] Docket No. 95.
[8] Docket No. 99.

summary judgment[9] and the second asks the Court to reconsider the Order granting the motions to dismiss.[10] Plaintiffs also filed Motions for Certificate of Appealability for both Orders.[11]

## II. DISCUSSION

### A. MOTION TO STAY

Defendants seek a stay of the proceedings pending issuance of the Supreme Court's decision in *Sackett v. Environmental Protection Agency*.[12] "[I]t is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants."[13] "The granting of the stay ordinarily lies within the discretion of the district court"[14] and "calls for exercise of judgment, which must weigh competing interests and maintain an even balance."[15] The requesting party has the burden to demonstrate that the stay is warranted.[16] Courts can consider a number of factors to determine whether the burden is met, including: "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; (3) the impact a stay would have on the court; (4) the interests and burdens on the parties; and (5) the interests of nonparties or the public."[17]

---

[9] Docket No. 101.

[10] Docket No. 118.

[11] Docket Nos. 102, 103.

[12] Case No. 21-454 (U.S.).

[13] *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

[14] *Pet Milk Co.*, 323 F.2d at 588.

[15] *Landis*, 299 U.S. at 254.

[16] *Gale v. Brinker Int'l Payroll Co.*, No. 1:09-cv-00129-TS, 2010 WL 3835215, at *2 (D. Utah Sept. 29, 2010)

[17] *Klein v. Lewis*, No. 2:19-cv-00801-DN-PK, 2020 WL 816142, at *1 (D. Utah Feb. 19, 2020) (citing *Fluent Home Ltd. V. Elbaum*, No. 2:18-cv-00570-TC, 2019 WL 1002365, at *2 (D.

After considering the relevant factors, the Court will grant the Motion. As to the first factor, Defendants argue that the Supreme Court's decision in *Sackett* may decide issues relevant to this case under the CWA and that a stay will more efficiently employ the Court's resources.[18] To resolve the underlying claim in the case here, the Court must determine the proper test for determining CWA jurisdiction over Plaintiffs' property. Plaintiffs argue that the stay request "is grounded on the mere possibility" that the Court will "overrule or otherwise invalidate . . . the significant nexus test."[19] While it is possible that the decision in *Sackett* could have little impact on this matter, it is also possible that it could impact the significant nexus test and potentially the approved jurisdictional determination at issue here. A stay will therefore conserve the Court's and the parties' resources and under the second factor, avoid confusion or inconsistent results in the interim. Further, the Supreme Court heard argument in *Sackett* on October 3, 2022. Given that it is now April 2023, a decision is likely to issue soon, and a stay will not likely result in a significant delay of proceedings.

Turning to the third factor, Plaintiffs allege financial harm if the stay is granted. Plaintiffs reiterate concern regarding the significant financial hardship resulting from this case and Defendants' alleged application of the incorrect legal standard to assert jurisdiction over their property. The Court finds however that this factor weighs in favor of the stay as further financial loss due to inconsistent results or confusion may result if the *Sackett* decision alters the jurisdictional finding here. Therefore, the Court will grant the Motion to Stay.

---

Utah Mar. 1, 2019); *see also Gale,* 2010 WL 3835215, at *1; *Sykes v. LivaNova Deutschland GMBH*, No. 17-cv-02437-KLM, 2018 WL 286791, at *1 (D. Colo. Jan 4, 2018)).

[18] Docket No. 95, at 1–2.

[19] Docket No. 96, at 6.

4

B. MOTIONS TO RECONSIDER

Plaintiffs ask the Court to reconsider both the August 24, 2022 Order granting Defendants' Motion to Dismiss and the October 12, 2022 Order denying Plaintiffs' Motion for Summary Judgment. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[20] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[21]

1. Order Granting Motion to Dismiss

Plaintiffs ask the Court to reconsider the August 24th Order dismissing the separation of powers and federalism claim. Plaintiffs argue that the Court should reconsider the ruling based on "new" evidence previously unavailable, specifically legal documents from the years 1870, 1879, 1881, 1884, 1890, 1892, 1899, 1917, and 1936, of which Plaintiffs only recently became aware. Plaintiffs fail to show that these documents were unavailable prior to the Order, only that Plaintiffs had not yet discovered them.[22] Therefore, after careful consideration of the parties arguments, the Court will not reconsider the ruling and will deny the Motion.

---

[20] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[21] *Id.* (citations omitted).

[22] *See Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 101–02 (10th Cir. 2012) (rejecting a party's submission of newspaper articles that pre-dated the court's order at issue because the information contained in the newly offered evidence "clearly did exist [before the court's issuance of the order] and seemingly could have been obtained . . . sooner had the plaintiffs been more diligent.").

2. Order Denying Summary Judgment

Plaintiffs also ask the Court to reconsider the October 12th Order denying its Motion for Summary Judgment arguing that the Court committed clear error resulting in manifest injustice. Specifically, Plaintiffs argue that the Court's reliance on local rule DUCivR 7-4 to deny Plaintiffs' Summary Judgment Motion as "procedurally improper" was erroneous. Defendants respond that DUCivR 7-4 is consistent with the Tenth Circuit's directives regarding judicial review of agency decisions under the APA, specifically that "reviews of agency action in district courts must be processed *as appeals* . . . [and] motions for summary judgment are conceptually incompatible with the very nature and purpose of an appeal."[23] After carefully considering the parties' arguments, the Court will not reconsider the ruling and will deny the Motion.

C. MOTIONS FOR CERTIFICATE OF APPEALABILITY

Plaintiffs seek amendment and certification of the Court's August 24th Order granting Defendants' Motion to Dismiss and the October 12th Order Denying Plaintiffs' Motion for Summary Judgment for interlocutory appeal. A district court can certify an order for interlocutory appeal at its discretion under 28 U.S.C. § 1292(b).[24] Under 28 U.S.C. § 1292(b), "appellate review is proper where there is '(1) a controlling question of law (2) as to which there is substantial ground for difference of opinion and where (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.'"[25] The standard to certify an

---

[23] *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994).

[24] *See Chamberlain v. Crown Asset Mgmt.*, No. 1:21-CV-00146-DAK, 2022 WL 3445952, at *1–2 (D. Utah Aug. 17, 2022).

[25] *Columbia Cas. Co. v. Markus*, No. 2:06-cv-00590 PGC, 2006 WL 2591091, at *3 (D. Utah Sept. 7, 2006) (quoting 28 U.S.C. § 1292(b)).

order is high as "appeals under § 1292(b) are appropriate only in extraordinary cases."[26] The burden to demonstrate extraordinary circumstances rests on the party seeking certification.[27] Having carefully considered the parties' arguments, the Court finds that Plaintiffs have not met their burden and the Court will deny the Motions.

### III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Stay is GRANTED (Docket No. 95). It is further

ORDERED that Plaintiffs' Motions for Reconsideration (Docket Nos. 101, 118) are DENIED. It is further

ORDERED that Plaintiffs' Motions for Amendment and Certification of the Court's Interlocutory Orders (Docket Nos. 102, 103) are DENIED.

DATED this 11th day of April, 2023.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[26] *Zurich Am. Ins. Co. v. Ascent Const., Inc.*, No. 1:20-cv-00089-DBB-CMR, 2022 WL 4016872, at *3 (D. Utah Sept. 2, 2022) (quoting *Mod. Font Applications LLC v. PetSmart, Inc.*, No. 2:19-cv-00613-BSJ, 2020 WL 9255402, at *2 (D. Utah June 25, 2020)).

[27] *In re Americana Expressways*, No. 91-C-25142, 1995 WL 500526, at *1 (D. Utah Aug. 2, 1995).